UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NADER S.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. C24-593-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by misevaluating medical opinions and Plaintiff's testimony. (Dkt. # 7.) The Commissioner contends the ALJ's decision is free of legal error and supported by substantial evidence.[1] (Dkt. # 12.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).[2]

[1] The Court notes that the Commissioner's brief signature block erroneously lists the previous United States Attorney, Nicholas W. Brown. (Dkt. # 12 at 12.)

[2] The parties consented to proceed before the undersigned United States Magistrate Judge. (Dkt. # 2.)

## II. BACKGROUND

Plaintiff was born in 1957, has at least a high school education, and has worked as a manufacturing engineer. AR at 34, 69, 237, 505. Plaintiff was last gainfully employed in February 2019. *Id.* at 86.

On October 18, 2019, Plaintiff applied for benefits, alleging disability as of February 28, 2019. AR at 27. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* After the ALJ conducted a hearing on April 19, 2023, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 17-35, 42-67.

Using the five-step disability evaluation process,[3] the ALJ found, in pertinent part, Plaintiff has the severe impairments of lumbar spine degenerative disk disease, right side carpal tunnel syndrome, and right ankle condition. AR at 19. The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work, lifting 20 pounds occasionally and 10 pounds frequently. *Id.* at 21. He could stand and/or walk two hours per day and sit six hours. *Id.* Every 20 minutes of sitting, he would need to stand for 10 minutes without moving away from the workstation. *Id.* Plaintiff could never climb ladders, ropes, or scaffolds but could occasionally climb stairs, crouch, kneel and crawl. *Id.*

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-3. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

## III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial

---

[3] 20 C.F.R. § 404.1520.

evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

### A. The ALJ Erred in Evaluating the Medical Opinion Evidence

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically whether the opinions are supported and consistent with the record. 20 C.F.R. § 404.1520c(a)-(c). These findings must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

#### *1. Dennis Haack, M.D.*

In February 2020, Dr. Haack reviewed medical records and examined Plaintiff. AR at 504-09. Based on low back pain, Dr. Haack opined that Plaintiff could carry less than 10 pounds,

stand/walk less than two hours, sit two hours with position changes, and that a "cane is necessary for long distances, and all terrain." *Id.* at 510. Plaintiff should never kneel, crouch, or crawl. *Id.*

The ALJ rejected "the need for a cane 'for all terrain'" because Plaintiff only intermittently used a cane at appointments. AR at 31 (quoting *id.* at 510). The ALJ's interpretation of Dr. Haack's opinion was not reasonable. Dr. Haack would not have specified "for long distances" if he intended the restriction to apply to all terrain for any distance. *Id.* at 510. The ALJ provided no reason to reject a limitation to using a cane for long distances, and there is no indication that Plaintiff needed to walk long distances at his medical appointments.

The ALJ found Dr. Haack's lifting, sitting, and standing/walking limitations unpersuasive based on inconsistency with the medical evidence, conservative treatment, and Plaintiff's activities. AR at 31. Inconsistency with objective evidence in the medical record can be a valid reason for rejecting the opinion of an examining doctor. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020). Here, the ALJ cited EMG studies showing "no evidence of lumbar spine radiculopathy" and a recommendation against back surgery by spine specialist Anubhav Gautam Amin, M.D., because the EMG results showed no "significant stenosis that could cause the claimant's reported symptoms." AR at 24 (citing *id.* at 1520, 1673-75), 31.

Plaintiff argues this evidence does not contradict Dr. Haack's opinion because it was not based on radiculopathy. (Dkt. # 7 at 5-6.) The Court agrees. Dr. Haack made no mention of radiculopathy or stenosis, but diagnosed low back pain, right Achilles tendinosis, and carpal tunnel syndrome.[4] AR at 509. The standing/walking limitation was based on "increased low back pain with prolonged walking and standing, along with history of Achilles tendonitis with overuse." *Id.* at 510. Sitting was limited due to "[h]istory of chronic low back pain, history of

---

[4] Plaintiff does not challenge the ALJ's assessment based on Achilles impairment or carpal tunnel syndrome. (Dkt. # 13 at 2-3.)

exacerbations of prolonged sitting, and claimant's self-report." *Id.* Lifting was limited due to "chronic low back pain, with exacerbations and evidence of right-sided sciatica." *Id.* Postural limitations were based on "lumbar dysfunction" because "recovery from these positions is difficult and exacerbates his low back pain." *Id.* Moreover, it appears Dr. Haack reviewed Dr. Amin's assessment. He reviewed several records and referenced a consultation that concluded "spinal surgery would not improve his back pain." *Id.* at 504. While Dr. Amin indicated surgery would not help because stenosis was not responsible for Plaintiff's symptoms, he did not suggest that Plaintiff was not suffering from symptoms due to other causes. In addition to degenerative disc disease, Dr. Amin assessed right sided sciatica and chronic right-sided low back pain without sciatica, consistent with Dr. Haack's diagnoses. *Id.* at 1520. Contrary to the ALJ's conclusion, Dr. Amin's report did not conflict with Dr. Haack's opinion.

The ALJ also discounted Dr. Haack's opinion based on treatment notes that usually showed abnormal gait but occasionally showed little to no gait abnormality, and records that often showed normal strength, sensation, reflex, and muscle tone/bulk. AR at 31. Plaintiff contends the ALJ erred because the longitudinal record is consistent with Dr. Haack's findings. (Dkt. # 7 at 4-5.)

As Plaintiff contends, treatment notes throughout the record show abnormal findings such as gait stiffness, antalgic gait, use of a cane, limited lumbar range of motion, positive straight leg testing, and lower back and sacroiliac ("SI") tenderness. (Dkt. # 7 at 4-5 (citing AR at 364, 382, 481, 486, 590, 926, 986, 1230, 1295, 1308, 1499, 1520, 1537, 1543, 1554, 1577, 1600, 1602).) Similarly, Dr. Haack observed a stiff gait favoring the right side, use of a cane, reduced back range of motion, positive straight leg raise test, and tender right SI joint. AR at 507-09.

The Commissioner does not dispute that limited range of motion, positive straight leg testing, and tenderness are observed throughout the record, consistent with Dr. Haack's findings. The Commissioner argues the record contradicts Dr. Haack's finding of gait abnormalities because "Plaintiff's providers frequently noted that Plaintiff walked with little or no difficulty." (Dkt. # 12 at 8 (citing AR at 888, 1479, 1562, 1594, 1737, 1739, 1975, 2008, 2114, 2144).) Several of the cited records noted slight antalgic gait. AR at 1479, 1562, 1737, 1739, 1975. The remainder reflect four visits where gait was noted to be normal or not antalgic as part of the neurological findings. *Id.* at 888 (duplicates at 1594, 2008) (1/6/22 routine visit: "Neuro: Grossly normal to observation, gait normal"), 2114 (5/8/20 telemedicine visit for sleep apnea: "Gait is normal."), 2144 (7/9/19 exam for head injury; "gait normal"), 2156 (4/23/19, "Patient appears to be in Moderate pain, No antalgic gait noted.")).

The ALJ acknowledged that findings of gait abnormalities predominated in the record. AR at 31 ("While many treatment records reflect an abnormal gait, other examinations reflect little or no abnormality regarding gait."). To the extent the Commissioner may be arguing that the many records noting abnormal gait should be discounted, this argument is at odds with the ALJ's findings and thus constitutes an improper *post hoc* argument on which the Court cannot rely. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 1995). The bulk of the longitudinal record shows gait abnormalities consistent with Dr. Haack's findings. The ALJ indicated that a minority of records showed normal gait but did not explain why that undercut Dr. Haack's opinion. Dr. Haack gave specific reasons for each limitation and did not cite antalgic gait for any. AR at 510. Without more, this was not a valid reason to discount Dr. Haack's opinion.

The ALJ noted "most records reflect no deficits in strength, sensation, reflexes, or muscle tone/bulk in the lower extremities." AR at 24 (citing *id.* at 886-89, 1000-02, 1479-80, 1507, 1512, 1516, 1520, 1530, 1562, 1600-03, 1673), 31; *see also* dkt. # 12 at 8 (citing AR at 926, 972, 1159, 1525, 1554, 1577, 1590, 1619, 1738, 1790, 1916, 1964). First, consistent with the record, Dr. Haack found largely intact lower extremity strength. *Compare* AR at 508 ("right hip flexor is 4+/5, knee extensor is 5+/5") *with, e.g.*, *id.* at 926 ("Strength 4+/5 on right"). Second, several of the records the ALJ and the Commissioner cited show decreased sensation and reflexes, as Dr. Haack observed. *Compare id.* at 509 (deep tendon reflexes 0-1+; sensation decreased in right foot) *with, e.g.*, *id.* at 1525 (decreased sensation in L5 distribution of right leg), 1002 (DTR's 1+), 1554 (DTR's 2+ at knees, 0 at ankles). Neither the ALJ nor the Commissioner explain how the record as a whole, which is largely consistent with Dr. Haack's observations, undermined Dr. Haack's opinion. The Court thus concludes that conflict with objective medical evidence was not a valid reason to discount Dr. Haack's opinion.

The ALJ also discounted Dr. Haack's opinion based on conservative treatment "consisting of medication and physical therapy." AR at 24 (citing generally *id.* at 620-781, 882-1206, 1491-1836), 31. An ALJ may discount a medical opinion on the grounds that the only treatment offered was conservative. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (affirming ALJ's rejection of doctor's opinion of total disability as inconsistent with the doctor "prescrib[ing] a conservative course of treatment"). In addition, an ALJ may find disability allegations undermined by successful treatment, whether conservative or not. *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."). Here, however, the ALJ neither acknowledged that steroid epidural injections were recommended repeatedly, nor addressed why

Plaintiff was afraid to have them. *See* AR at 358, 362, 1520, 1530. Spinal injections are not generally considered conservative. *See Revels v. Berryhill*, 874 F.3d 648, 667 (9th Cir. 2017) (ALJ erred by failing to explain why he deemed "facet and epidural injections . . . as well as steroid injections [and] a variety of medications for her pain" conservative treatment for fibromyalgia); *Garrison v. Colvin*, 759 F.3d 995, 1015 n.20 (9th Cir. 2014) ("[W]e doubt that epidural steroid shots to the neck and lower back qualify as 'conservative' medical treatment."). Similarly, the ALJ did not highlight any evidence that treatment successfully relieved Plaintiff's low back pain. Consequently, conservative treatment was not a valid reason to discount Dr. Haack's opinion.

Finally, the ALJ discounted Dr. Haack's opinion because Plaintiff's "activities include going to the gym several days each week." AR at 31. The ALJ found Plaintiff "exercised 45 to 60 minutes on the stair machine and one hour lifting weights."[5] *Id.* at 27. Conflict with a claimant's activities may justify rejecting a medical opinion. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Plaintiff contends his gym activity does not "exceed any of the limitations noted in Dr. Haack's report." (Dkt. # 7 at 7.) The Commissioner argues that Dr. Haack's sitting, standing, walking, and lifting limitations were "at odds with" Plaintiff's gym activities but does not explain how. (Dkt. # 12 at 7-8.) Plaintiff spends two hours or less at the gym and thus does not exceed the standing, walking, or sitting limitations Dr. Haack opined. And the record does not suggest Plaintiff lifts more than 10 pounds, consistent with Dr. Haack's opinion. Plaintiff testified he will use leg weight machines because doctors recommended strengthening his legs, "then just pull the rope a little bit" for arm exercise. AR at 57. None of these activities contradict

[5] Plaintiff testified he spends one hour total at the gym, but does not challenge the ALJ's factual finding. AR at 56-57; dkt. # 7 at 7.

Dr. Haack's opinion. As such, conflict with Plaintiff's activities was not a valid reason to discount Dr. Haack's opinion.

The ALJ did not provide a valid reason to discount Dr. Haack's opinion. Accordingly, the Court concludes the ALJ erred in finding the opinion unpersuasive.

*2. Donald T. Lee, D.O.*

In July 2021, Dr. Lee reviewed dozens of medical records and opined Plaintiff could sit for one hour, stand for one hour, and walk for one hour per day. AR at 1214. He could lift 10 pounds occasionally and could not climb, bend, balance, stoop, kneel, crouch, or crawl. *Id.*

The ALJ found Dr. Lee's opinion unpersuasive because it was unsupported and inconsistent with the record. AR at 31. The ALJ found the opinion unsupported because, although Dr. Lee noted "findings of positive straight leg raise tests and leg weakness," he otherwise relied on Plaintiff's symptom reports and "did not point to specific findings" to support his opined limitations. *Id.* In support of his opinion, Dr. Lee specifically cited low back pain not relieved by medications and conservative therapy, antalgic gait, positive straight leg raise tests, and "[a]s of the last clinical assessment, he has developed weakness of the lower extremities." *Id.* at 1214. Dr. Lee then concluded: "Hence, impairment is supported . . . in the form of restrictions and limitations described above." *Id.* The ALJ did not explain why the cited findings were insufficient to support sitting, standing, walking, lifting, and postural limitations. Without more, the Court concludes the ALJ erred in finding Dr. Lee's opinion unsupported.

The ALJ found Dr. Lee's opinion inconsistent with the objective medical evidence. AR at 31-32. The ALJ did not address Dr. Lee's citation to antalgic gait or low back pain unrelieved by medications and therapy. The ALJ rejected Dr. Lee's reliance on positive straight leg raise tests because such "testing is used to evaluate the presence of radiculopathy" and Plaintiff's EMG

studies showed no radiculopathy. *Id.* at 32 (citing 20 C.F.R. Part 404, Subpt. P, App'x 1 at §§ 1.00(C)(2)(a), (F)(2)(c)). The cited regulations do not, however, suggest that a positive straight leg raise test rules out any other condition or is not an indicator of dysfunction if radiculopathy is not also present. *See* 20 C.F.R. Part 404, Subpt. P, App'x 1 at § 1.00(F)(2)(c) (requiring positive straight leg raise test to establish a listed impairment involving compromise of a lumbar spine nerve root). Reliance on positive straight leg raise tests was not a valid reason to discount Dr. Lee's opinion.

The ALJ also cited a lack of stenosis and Dr. Amin's recommendation against surgery because imaging did not reveal stenosis that could cause Plaintiff's symptoms. AR at 32. As discussed above, Dr. Amin concluded stenosis was not the cause of Plaintiff's symptoms; Dr. Amin did not conclude that Plaintiff did not have symptoms. *Id.* at 1520. Accordingly, lack of stenosis was not a basis to discount Dr. Lee's opinion.

The ALJ also found that, contrary to Dr. Lee's opinion noting leg weakness, "most records reflect no deficits in strength or muscle tone/bulk in the lower extremities." AR at 32. Dr. Lee referred to the most recent record he reviewed, a May 10, 2021 treatment note from Dr. Jennifer Bolnick noting Plaintiff "often gets sudden, momentary release of muscle tone with weakness." AR at 1213-14. Dr. Bolnick's May 10, 2021 treatment note indicates Plaintiff experiences "[w]eakness – sudden release of muscle tone" but "[n]o persistent weakness." *Id.* at 777. Reports of sudden loss of muscle tone, but no ongoing weakness, are not inconsistent with the records the ALJ identified where testing revealed no strength deficits.

Inconsistency with the record was not a valid reason to discount Dr. Lee's opinion. Accordingly, the Court concludes the ALJ erred in finding the opinion unpersuasive.

*3. Emily Easley, ARNP, 2021 Opinion*

On August 18, 2021, treating provider Ms. Easley filled out a "Return to Work/ Functional Capacities" form. AR at 1809-10. Ms. Easley gave a "[r]eturn to [w]ork [d]ate" of August 26, 2021, but noted that Plaintiff "cannot work full time." *Id.* Ms. Easley opined Plaintiff could sit, stand, walk, and climb stairs for up to one hour each. *Id.* at 1809. Plaintiff could not bend, kneel, crawl, squat, or lift five pounds. *Id.* The ALJ found Ms. Easley's opinion internally inconsistent because it indicated the limitations were permanent yet provided a return to work date. AR at 32. This was not a reasonable interpretation, as the clear implication is that Ms. Easley opined Plaintiff could work part time. *See id.* at 1809-10.

The ALJ found Ms. Easley's opinion insufficiently supported by her reference to objective findings of "[a]ntalgic gait, decreased [range of motion], weak grip strength."[6] AR at 1809; *id.* at 32. The ALJ found this rationale "too brief to support such extreme limitations." *Id.* at 32. "The more *relevant* the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . , the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. 404.1520c(c)(1) (emphasis added). Brevity alone is not a reason to find an opinion unsupported. The Commissioner argues that many people with antalgic gait "may still have the capacity to walk or stand significant portions of the day." (Dkt. # 12 at 10.) The Court cannot rely on this *post hoc* contention not found in the ALJ's decision. *See Bray*, 554 F.3d at 1225.

The ALJ found Ms. Easley's opinion inconsistent with clinical findings in the record. AR at 32. The ALJ acknowledged the bulk of the record showed "abnormal gait and reduced range of motion" but noted that "other examinations reflect little or no abnormality regarding gait." *Id.*

---

[6] Plaintiff does not challenge the ALJ's assessment of limitations due to shoulder pain or carpal tunnel syndrome. (Dkt. # 13 at 3.)

Without any explanation for why the few treatment records showing normal gait should be considered more credible or relevant than the majority of records showing gait abnormalities, this was not a valid reason to discount Ms. Easley's opinion. "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).

Similarly, the ALJ noted that "most records reflect no deficits in strength, sensation, reflexes, or muscle tone/bulk" and that Dr. Amin found stenosis did not cause Plaintiff's symptoms, but did not explain how these findings undercut Ms. Easley's opinion. AR at 32. Without more, these are not valid reasons to discount Ms. Easley's opinion.

Finally, the ALJ found Plaintiff's activities inconsistent with Ms. Easley's opinion. AR at 32. Elsewhere in the decision, the ALJ cited going to the gym, "heavy garage work and lifting," and driving long distances. *Id.* at 26-27 (citing *id.* at 1419). Plaintiff's gym activities, discussed in greater detail above, appear consistent with Ms. Easley's opinion. In March 2022, Plaintiff reported that doing "heavy garage work and lifting" for a weekend worsened his shoulder pain. *Id.* at 1419. The treatment visit was focused exclusively on shoulder pain and did not address back pain except to note that lower back pain may be contributing to "faulty left scapular alignment." *Id.* at 1422. Because the treatment note did not address whether garage work did or did not worsen Plaintiff's back pain, the treatment note is not substantial evidence supporting the ALJ's finding that Plaintiff's activity contradicted Ms. Easley's opinion.

The ALJ found Plaintiff was "able to drive a car for transportation on a regular basis" including "driving long distance" from his home to Olympia. AR at 27 (citing *id.* at 259, 275, 488). Relevant to Plaintiff's low back impairments, the ALJ found driving inconsistent with Plaintiff's alleged "increased back pain while sitting." *Id.* at 27. In November 2019 and May

2021 Function Reports, Plaintiff checked a box stating he could drive a car. *Id.* at 259, 275. Driving for up to an hour is consistent with Ms. Easley's limitation to one hour sitting. In a June 2019 treatment note, Plaintiff "noted that he had to drive to Olympia and back on Monday and this made his back very tight and painful." *Id.* at 488. Assuming the trip involved driving for more than an hour, the worsening of symptoms supports Ms. Easley's limitations. The Commissioner points to several other episodes that worsened Plaintiff's symptoms, consistent with Ms. Easley's opinion. (*See* dkt. # 12 at 11 (citing, *e.g.*, AR at 429 (Plaintiff's "back pain was more because he was in the car for over 2 hours"), 473 (sitting for a couple hours worsened back pain)); *see also* AR at 445 (Plaintiff "needs to refrain from sitting in poor ergonomically set up chairs for over 20 min at a time to decrease strain at lumbar spine").) Substantial evidence does not support the ALJ's finding that Plaintiff's activities contradicted Ms. Easley's opinion.

The ALJ did not provide a valid reason, supported by substantial evidence, to discount Ms. Easley's opinion. The Court concludes the ALJ erred in finding it unpersuasive.

*4. Ms. Easley, 2023 Opinion*

In February 2023, Ms. Easley completed a Medical Opinion Request form provided by Plaintiff's counsel. AR at 2168-69. Ms. Easley opined Plaintiff could stand/walk two hours, sit one hour, and lift five pounds occasionally. *Id.* at 2168. She estimated he would be absent from a full-time job 15 times per month. *Id.* at 2169. The limitations were based on "right lower extremity weakness" and "need for assistive device (cane) for ambulation [greater than] 10 min[utes]." *Id.*

The ALJ interpreted Ms. Easley's opinion as Plaintiff requiring a cane at all times, and found the opinion inconsistent with Plaintiff "present[ing] to appointments only intermittently

using a cane." AR at 33. Ms. Easley clearly stated Plaintiff only needed a cane for walking more than ten minutes. *Id.* at 2169. The ALJ offered no reason to discount this limitation.

The ALJ found Ms. Easley's "limited rationale . . . insufficient to support" her opinion. AR at 33. Absent more, this fails to explain why Ms. Easley's clinical findings were insufficient. The Court concludes the ALJ erred by finding Ms. Easley's opinion unsupported.

The ALJ found Ms. Easley's opinion inconsistent with the record. AR at 33. First, the ALJ found Ms. Easley's note that Plaintiff "presented with a limp" during a February 2023 visit was contradicted by contemporary examinations showing no gait abnormality. *Id.* (citing *id.* at 1507, 1512, 1514-16). None of the cited records describes gait and only one, an October 2022 treatment note, states Plaintiff "[a]mbulates well." *Id.* at 1516. In February 2023, Ms. Easley observed "[a]ntalgic gait," consistent with the bulk of the record, as discussed further above. *Id.* at 2171. A single record noting Plaintiff ambulates well is not substantial evidence contradicting Ms. Easley's opinion.

Second, the ALJ found Ms. Easley's "assessment of limitation she predicates on right lower extremity symptoms from degenerative disk disease" inconsistent with a lack of radiculopathy or stenosis that could cause Plaintiff's symptoms. AR at 33. As with the opinions discussed above, Ms. Easley did not base her opinion on radiculopathy, stenosis, or degenerative disk disease.

Finally, the ALJ found Plaintiff's "activities . . . , including his regular gym workouts," inconsistent with Ms. Easley's opinion. AR at 33. As discussed above, Plaintiff's gym activities did not exceed the limitations Ms. Easley opined.

The ALJ provided no valid reason supported by substantial evidence to discount Ms. Easley's opinion. The Court concludes the ALJ erred in finding it unpersuasive.

**B. The ALJ Erred in Evaluating Plaintiff's Testimony**

Plaintiff challenges the ALJ's rejection of his testimony on limitations due to his back pain. (Dkt. # 7 at 13-18.) At the April 2023 hearing, Plaintiff testified that once or twice a month, for usually four or five days but up to seven days, his back pain flares so badly that he can do nothing but lie in bed. AR at 53. Other days, he can sit for 20 to 30 minutes, then stand for 10 to 15 minutes, sit for another 20 minutes, and then needs to lie down. *Id.* at 61. He lies down many times every day. *Id.* at 55. About three times a week, Plaintiff walks for 30 to 45 minutes with a couple of five-minute breaks to stretch. *Id.* at 56. Plaintiff testified he goes to the gym several times per week for about 60 minutes each time. *Id.* at 56. In a November 2019 Function Report, Plaintiff stated he used a cane "as needed." *Id.* at 258.

The ALJ discounted Plaintiff's testimony based on inconsistency with imaging findings and clinical observations, conservative treatment, lack of missed medical appointments, and Plaintiff's activities. AR at 24, 26-27. The ALJ also found a cane was not medically necessary. *Id.* at 24-25.

Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons to discount a claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). This requires the ALJ to specify which testimony is not credible and which evidence contradicts it. *Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017). That said, an ALJ is not required to believe every claim, *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021), nor to analyze a claimant's testimony line by line. *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

The ALJ rejected Plaintiff's back pain testimony as inconsistent with imaging findings. AR at 24. As discussed above, the lack of radiculopathy or stenosis that could account for Plaintiff's symptoms does not mean he did not experience symptoms. Although contradiction with the medical record would be a sufficient basis for rejecting a claimant's subjective testimony, *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008), mere lack of corroborating medical evidence cannot form the sole basis for discounting pain testimony. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

The ALJ acknowledged the "record often shows . . . abnormal gait and reduced range of motion" but noted "other examinations reflect little or no abnormality regarding gait." AR at 24. Without more, this summary of the evidence is not a clear and convincing reason to discount Plaintiff's testimony.

The ALJ also noted that most records reflect no strength, sensation, reflex, or muscle tone/bulk deficits, and pointed to Social Security Ruling ("SSR") 16-3p as "indicating that the absence of muscle wasting upon examination can be considered inconsistent with allegations of severe pain[.]" AR at 24 n. 1. SSR 16-3p provides an example of an individual who testifies to standing and walking "no more than a few minutes a day" for the past year due to pain. SSR 16-3p, 2017 WL 5180304, at *5 (S.S.A. Oct. 25, 2017). Such an individual "would be expected to have some signs of muscle wasting as a result." *Id.* That situation is a vastly different from Plaintiff's here. Plaintiff testified he stands and walks far more than a few minutes a day. Accordingly, a lack of muscle wasting is not a valid reason to discount his testimony.

The ALJ found conservative treatment of medication and physical therapy inconsistent with Plaintiff's testimony. AR at 24. As discussed above, the ALJ did not acknowledge that Plaintiff's doctors recommended spinal steroid injections, and thus did not address Plaintiff's

reasons for declining the injections. *See Trevizo v. Berryhill*, 871 F.3d 664, 679-80 (9th Cir. 2017) (ALJ erred in discounting claimant testimony based on failure take prescribed narcotics without first considering her proffered reasons).

The ALJ discounted Plaintiff's testimony of periodic flares of back pain because he calculated that Plaintiff's testimony indicated he would be bedridden four to 14 days per month and "the record rarely, if ever, indicates that the claimant missed, cancelled, or rescheduled appointments because he was bedbound due to back pain." AR at 24. Plaintiff contends his doctors' appointments occur at most monthly and his ability to attend "a 20-minute doctor appointment once a month or once every several months does not contradict" his testimony. (Dkt. # 7 at 15.) The Commissioner does not defend the ALJ's reasoning. (*See* dkt. # 12 at 1-6.) The ALJ's reasoning amounts to speculation unsupported by substantial evidence.

The ALJ found the "evidence does not establish a cane as medically necessary." AR at 24. The ALJ did not, however, provide any reason to reject Plaintiff's testimony that he uses a cane "as needed." *Id.* at 258.

The ALJ found Plaintiff's testimony inconsistent with his activities of heavy garage work and lifting, going to the gym, and driving. AR at 26-27. As discussed above, the single treatment note about heavy garage work and lifting did not address the effect on Plaintiff's back pain. *See id.* at 1419-22.

The ALJ found it "unlikely that the claimant would have been able to regularly exercise at the gym . . . , even intermittently, if his limitations were as severe as he alleges." AR at 27. The ALJ did not point to any medical evidence or other support for this conclusion. ALJs do not serve as medical experts. *See Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (An ALJ, "who was not qualified as a medical expert, should not have gone outside the record to medical

textbooks for the purpose of making his own exploration and assessment as to claimant's physical condition."); *Moghadam v. Colvin*, 2016 WL 7664487, at *6 (W.D. Wash. Dec. 21, 2016) ("[A]n ALJ is not permitted to play doctor."); *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("[J]udges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor . . . . The medical expertise of the Social Security Administration is reflected in regulations; it is not the birthright of the lawyers who apply them. Common sense can mislead; lay intuitions about medical phenomena are often wrong.") (internal citations omitted). Plaintiff testified that he goes to the gym regularly, but not when his back pain flares up. AR at 56-57. The ALJ pointed to no evidence contradicting this testimony.

As discussed above, the record indicates that when Plaintiff drove longer distances, his back pain flared. *See, e.g.*, AR at 488 (In June 2019, Plaintiff reported "he had to drive to Olympia and back on Monday and this made his back very tight and painful."). The ALJ's finding that Plaintiff's ability to drive is "not entirely consistent with . . . increased back pain while sitting" was not supported by substantial evidence. *Id.* at 27.

The ALJ did not provide a clear and convincing reason to reject Plaintiff's testimony regarding his back pain. The Court concludes the ALJ erred in discounting it.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate Dr. Haack's, Dr. Lee's, and Ms. Easley's opinions and Plaintiff's testimony; reassess Plaintiff's RFC as appropriate; and proceed to steps four and five as necessary.

Dated this 4th day of October, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge